UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JANE DOE,<br><br>    For herself and the Proposed Class,<br><br>                        Plaintiff,<br><br>    v.<br><br>ATRIUS HEALTH, INC.<br><br>                        Defendant. | Civil Action No. _____<br><br>[Superior Court Department of the Trial Court Business Litigation Session Case No. 2384CV00597-BLS1]<br><br>**DEFENDANT'S NOTICE OF REMOVAL UNDER 28 U.S.C. § 1441(a)** |

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1441(a) and 1446, Defendant Atrius Health, Inc. ("Atrius") gives notice of the removal of this action from the Business Litigation Session of the Suffolk County Superior Court, Case No. 2384CV00597-BLS1, to the United States District Court for the District of Massachusetts. In support of its Notice of Removal, Atrius states as follows:

## NATURE OF THE REMOVED ACTION

1. On March 10, 2023, Plaintiff Jane Doe filed a Class Action Complaint ("Complaint") against Atrius in the Business Litigation Session of Suffolk County Superior Court (the "BLS"), Case No. 2384CV00597-BLS1. The Complaint included a single claim for relief under the Massachusetts Wiretap Act, Mass. Gen. Laws c. 272 § 99 (the "Massachusetts Wiretap Act"), which was predicated on Atrius' alleged use of technologies on its public website, www.atriushealth.org (the "Website").

2. This suit is one of at least twenty similar putative class actions lodged against hospitals, healthcare providers, and healthcare systems in federal and state courts in the

1

Commonwealth of Massachusetts, including a second case against Atrius, *see Doe v. Atrius Health, Inc.*, No. 2384CV02704-BLS1 (Mass. Super Ct., Suffolk Cnty.) (the "Related Action").

3. On April 27, 2023, Atrius timely removed the case to the United States District Court for the District of Massachusetts, maintaining that removal was proper pursuant to the federal officer removal statute, 28 U.S.C. § 1442(a)(1). *See Doe v. Atrius Health, Inc.*, No. 1:23-cv-10923-FDS (D. Mass. Apr. 27, 2023), Doc. 1. Plaintiff subsequently moved to remand the suit, *see Doe v. Atrius Health, Inc.*, No. 1:23-cv-10923-FDS (D. Mass. May 26, 2023), Doc. 19, and the Court granted that motion on October 25, 2023, *see Doe v. Atrius Health, Inc.*, No. 1:23-cv-10923-FDS (D. Mass. Oct. 25, 2023), Doc. 27.

4. A few days later, the BLS denied motions to dismiss filed in two parallel suits asserting claims under the Massachusetts Wiretap Act against other hospital defendants. *See Vita v. Beth Israel Deaconess Med. Cntr., Inc.*, No. 2384CV00480-BLS1 (Mass. Super. Ct., Suffolk Cnty. Oct. 31, 2023), Doc. 17, and *Vita v. New England Baptist Hosp.*, No. 2384CV00857-BLS1 (Mass. Super. Ct., Suffolk Cnty. Oct. 31, 2023), Doc. 16. The BLS reported these decisions for interlocutory review to the Massachusetts Appeals Court pursuant to Mass. R. Civ. P. 64(a). *See id.* And on January 17, 2024, the Massachusetts Supreme Judicial Court granted the hospital defendants' application for direct appellate review, which proceeded as *Vita v. Beth New England Hospital et al.*, No. SJC-13542 (the "*Vita* Appeals").

5. In the following weeks, Atrius filed assented-to motions to stay this case and the Related Action, which had been transferred from the Superior Court of Norfolk County to the BLS so the actions could be consolidated. The motions sought to stay proceedings pending resolution of the *Vita* Appeals and pending consolidation of the two cases. *See Doe v. Atrius Health, Inc.*, No. 2384CV00597-BLS1 (Mass. Super. Ct., Suffolk Cnty., Jan. 22, 2024), Doc. 23; *Doe et al. v.*

*Atrius Health, Inc.*, No. 2384CV02704-BLS1 (Mass. Super Ct., Suffolk Cnty., Jan. 30, 2024), Doc. 33.  Both motions were granted soon thereafter.  *See Doe v. Atrius Health, Inc.*, No. 2384CV00597-BLS1 (Mass. Super. Ct., Suffolk Cnty., Jan. 24, 2024), Doc. 23-1; *Doe et al. v. Atrius Health, Inc.*, No. 2384CV02704-BLS1 (Mass. Super Ct., Suffolk Cnty., Jan. 30, 2024), Doc. 33-1.

6. On October 24, 2024, the Massachusetts Supreme Judicial Court issued its decision in *Vita v. New England Baptist*, 494 Mass. 824 (2024), reversing the BLS's denial of the motions to dismiss in those cases.  Rescripts issued on November 27, 2024.  *See Vita v. Beth Israel Deaconess Med. Cntr., Inc.*, No. 2384CV00480-BLS1 (Mass. Super. Ct., Suffolk Cnty. Nov. 27, 2024), Doc. 22.

7. On December 5, 2024, Plaintiff amended her pleading in this action.  *See Doe v. Atrius Health, Inc.*, No. 2384CV00597-BLS1 (Mass. Super. Ct., Suffolk Cnty., Jan. 24, 2024), Doc. 24 ("Amended Complaint").  The Amended Complaint abandoned Plaintiff's claim under the Massachusetts Wiretap Act, and in its place, asserted a claim under the federal wiretap statute, 18 U.S.C. § 2510 *et seq.* (the "Federal Wiretap Act"), as well as six state law claims.

8. Atrius understands that the plaintiffs in the Related Action likewise intend to amend their suit to assert a claim under the Federal Wiretap Act, at which time Atrius will remove that case to this Court.  Atrius further understands that following removal of the Related Action, the parties anticipate working to consolidate the suits.

**BASIS FOR REMOVAL**

9. Under 28 U.S.C. § 1441(a), "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending."

10. Federal courts have original jurisdiction over civil actions arising under federal statutes pursuant to 28 U.S.C. § 1331. Further, 28 U.S.C. § 1367(a) provides that courts may exercise supplemental jurisdiction over state law claims that "derive from a common nucleus of operative facts" as federal claims. *See Lanciani v. Allstate Insur. Co.*, 2023 WL 6172457, at *3 (D. Mass. Sept. 22, 2023) (explaining that supplemental jurisdiction "exist[s] over all state-law causes of action that 'derive from a common nucleus of operative fact'" as a federal law claim "'or are such that they would ordinarily be expected to be tried in one judicial proceeding'") (citation omitted).

11. Here, the Court has original jurisdiction over Count I of the Amended Complaint, which asserts a claim under the Federal Wiretap Act. *See* 28 U.S.C. § 1331. Plaintiff's remaining claims all relate to the same factual allegations that undergird her federal claim: Atrius's alleged use of technologies on the Website. *Compare* Amended Complaint ¶¶ 146-66 (Count I) *with id.* ¶¶ 167-221 (Counts II through VII). Therefore, the Court also has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

## PROCEDURAL REQUIREMENTS

12. All the procedural requirements for removal under 28 U.S.C. § 1446 are satisfied.

13. Atrius is filing this Notice of Removal within thirty days of its receipt of the Amended Complaint on December 5, 2024. 28 U.S.C. § 1446(b)(3); *see Romulus v. CVS Pharma., Inc.*, 770 F.3d 67, 74 (1st Cir. 2014) (explaining that the thirty-day deadline in "Section 1446(b)(3) does not apply until removability can first be ascertained from the plaintiffs' own papers").

14. This Court is the federal court that encompasses the BLS, where the suit was originally filed. Venue is therefore proper under 28 U.S.C. §§ 101 and 1441(a).

15. Atrius has attached hereto a copy of the Amended Complaint and all other publicly available filings from the state court docket as Exhibits 1-33.

16. Upon filing this Notice, Atrius will promptly "give written notice thereof to all adverse parties," and will "file a copy of the notice with the clerk" of the BLS, as required under 28 U.S.C. § 1446(d), and will also file certified or attested copies of the State Court record, in accordance with Local Rule 81.1(a) of the United States District Court for the District of Massachusetts.

**WHEREFORE**, Notice is given that this action is removed from the BLS to the United States District Court for the District of Massachusetts.

Dated: January 3, 2025

Respectfully submitted,

By: */s/ Anthony E. Fuller*

Anthony E. Fuller (BBO #663246)
Kayla H. Ghantous (BBO # 709197)
HOGAN LOVELLS US LLP
125 High Street, Suite 2010
Boston, MA 02110
Telephone: (617) 371-100
Facsimile: (617) 371-1037
anthony.fuller@hoganlovells.com
kayla.ghantous@hoganlovells.com

Allison Holt Ryan (*admitted pro hac vice*)
Adam A. Cooke (BBO # 679637)
HOGAN LOVELLS US LLP
Columbia Square
555 Thirteenth Street, NW
Washington, DC 20004
Telephone: (202) 637-5600
Facsimile: (202) 637-5910
allison.holt-ryan@hoganlovells.com
adam.a.cooke@hoganlovells.com

*Counsel for Defendant*

## CERTIFICATE OF SERVICE

I hereby certify that on January 3, 2025, copies of the foregoing Notice of Removal and accompanying exhibits were sent via electronic mail to:

Edward F. Haber
Michelle H. Blauner
Patrick J. Vallely
SHAPIRO HABER
& URMY LLP
One Boston Place
Suite 2600
Boston, MA 02108
ehaber@shulaw.com
mblauner@shulaw.com
pvallely@shulaw.com

*Counsel for Plaintiff Jane Doe, For herself and the Class*

                                      */s/ Anthony E. Fuller*
                                         Anthony E. Fuller

*Counsel for Defendant*