UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JANE DOE, for herself and the Proposed Class,<br><br>Plaintiffs,<br><br>v.<br><br>ATRIUS HEALTH, INC.<br><br>Defendant. | Case No. 1:25-cv-10020-FDS |

**MEMORANDUM OF LAW IN SUPPORT OF THE
JOINT MOTION FOR CONSOLIDATION OF CASES**

**I.      INTRODUCTION**

Pending before this Court are two related lawsuits brought against Defendant Atrius Health, Inc. ("Atrius Health"): (1) *Doe et al v. Atrius Health, Inc.,* Case No. 1:25-cv-10670-FDS *("Doe")*; and (2) *Doe v. Atrius Health, Inc.*, Case No.: 1:25-cv-10020-FDS (the "*Related Action*" and, together with *Doe*, the "*Doe Actions*").

On October 18, 2022, *Doe* was filed in the Superior Court of Norfolk County. On December 23, 2022, that case was removed to this federal court, the United States District Court for the District of Massachusetts. On March 10, 2023, the substantively similar *Related Action* was filed in the Business Litigation Session of the Superior Court of Suffolk County ("BLS"). Subsequently, on May 9, 2023, the *Related Action* was also removed to this federal court.

By orders of October 20, 2023, and October 25, 2023, *Doe* and the *Related Action* were remanded to state court. *See Doe v. Atrius Health, Inc.*, Case No. 1:22-cv-12196-FDS (D. Mass. Oct. 20, 2023), Dkt. 41; *Doe v. Atrius Health, Inc.*, Case No. 23-cv-10923 (D. Mass. Oct. 25, 2023), Dkt. 28. In November 2023, Atrius moved, with the consent of all parties, to transfer *Doe*

to the BLS. *See Doe v. Atrius Health, Inc.*, Case No. 2282CV00982 (Mass. Super. Ct., Norfolk Cnty., Nov. 21, 2023), Dkt. 33. It was accepted into that court soon thereafter. *See Doe v. Atrius Health, Inc.*, Case No. 2282CV00982 (Mass. Super. Ct., Norfolk Cnty. Nov. 22, 2023), Dkt. 34.

The *Doe Actions* were then stayed pending the Massachusetts Supreme Judicial Court's ruling in *Vita v. New England Baptist Hospital and Beth Israel Deaconess Medical Center, Inc.*, No. SJC-13542. *See Doe v. Atrius Health, Inc.*, No. 2384CV00597-BLS1 (Mass. Super. Ct., Suffolk Cnty., Jan. 24, 2024), Dkt. 23-1; *Doe et al. v. Atrius Health, Inc.*, No. 2384CV02704-BLS1 (Mass. Super Ct., Suffolk Cnty., Jan. 30, 2024). After the *Vita* decision was issued, Plaintiffs amended their pleadings in the *Doe Actions* to, among other things, add a cause of action under the federal wiretap statute, *see Doe v. Atrius Health, Inc.*, No. 2384CV00597-BLS1 (Mass. Super. Ct., Suffolk Cnty., Dec. 5, 2024), Dkt. 24; *Doe et al. v. Atrius Health, Inc.*, No. 2384CV02704-BLS1 (Mass. Super Ct., Suffolk Cnty., Mar. 15, 2025), Dkt. 36, after which the Defendant again removed both cases to the United States District Court for the District of Massachusetts. *Related Action*, Dkt. 1; *Doe,* Dkt. 1. By Orders of February 5, 2025 and April 11, 2025, the *Doe Actions* were both stayed pending their consolidation. *See Related Action*, Dkt. 12; *Doe*, Dkt. 15..

Each of the *Doe Actions* is a putative class action that seeks to represent substantially similar classes of people, assert nearly identical claims against Atrius Health, and raise nearly identical questions of law and fact. Specifically, Plaintiffs in the *Doe Actions* allege they used Atrius Health's website, https://www.atriushealth.org (the "Website") to research information about doctors and treatments. *See* Ex. A ¶ 11(*Related Action* Amended Complaint); Ex. B ¶¶ 22, 25 (*Doe* Second Amended Complaint). Plaintiffs in the *Doe Actions* also allege that Atrius Health's use of website analytics services from third parties, such as Meta Platforms, Inc. ("Meta")

2

and Google LLC ("Google"), on the Website resulted in the disclosure of information without their consent. Ex. A ¶ 1, 13; Ex. B ¶¶ 3–4.

Plaintiffs in the *Doe Actions* all seek to bring claims on behalf of people who used Atrius Health's website and allegedly had information sent to third parties through the use of website analytics services. Ex. A ¶ 138; Ex. B ¶ 160. Both actions also seek statutory damages and damages related to alleged violations of privacy and unjust enrichment. Ex. A ¶¶ 7, 166; Ex. B ¶¶ 215, 270.

In short, the *Doe Actions* are virtually the same. Consolidating them will preserve judicial resources, avoid potentially inconsistent rulings and duplication of labor, such as motion practice and discovery efforts, and promote a more efficient resolution of the disputes between the parties. At this stage of the proceedings, in the interest of efficiency but without waiving any rights as to leadership issues with regard to the conduct of the putative classes, this Joint Motion for Consolidation of Cases (the "Motion") is being filed in order to respectfully request the Court to exercise its broad discretion to consolidate the two *Doe Actions* into a single action pursuant to Fed. R. Civ. P. 42(a).[1]

**II.    STATEMENT OF FACTS**

    **A.    The *Related Action***

Plaintiff Jane Doe alleges she is a patient of Atrius Health and that she regularly used the Website to obtain information about Atrius Health doctors, search for information about

---

[1] Pursuant to the Rule 40.1(j) of the Local Rules of the United States District Court for the District of Massachusetts, "[a] motion for consolidation of two or more cases shall be made in the case first filed in this court." *Doe* was the first-filed case when these matters were first removed to federal court, but during the most recent removal, *Related Action* was removed first, which is why the parties are filing this motion in *Related Action*. If the Court finds the motion should be filed in *Doe*, the parties are prepared to refile in that case.

symptoms, conditions, and medical procedures, and used the patient portal to obtain her medical records. Ex. A ¶ 11. On December 5, 2024, Plaintiff filed the Amended Complaint against Atrius Health in the BLS, which Atrius Health removed to this Court on January 3, 2025, pursuant to federal question jurisdiction. *Related Action*, Dkt 1. The *Related Action* is a putative class action alleging that Atrius Health installed third party website analytics technologies on the Website that sent Plaintiff's and class members' information to third parties without their consent. Ex. A ¶ 1.

The *Related Action* lodges claims against Atrius Health for violation of the Electronic Communications Privacy Act ("ECPA"), 18 U.S.C. § 2511, invasion of privacy, breach of fiduciary duty, negligence, breach of confidence, breach of contract, and unjust enrichment. *See id.* ¶¶ –221. The *Related Action* plaintiff seeks to represent a putative class defined as:

> All Massachusetts residents who, while in the Commonwealth of Massachusetts, accessed any portion of the website at www.atriushealth.org within three years prior to the date of the initial complaint in this action.

*Id.* ¶ 138. The *Related Action* plaintiff seeks statutory and compensatory damages. *Id.* ¶¶ 166, 177, 185, 194, 212, 221.

**B.     *Doe***

Plaintiffs John Doe and Jane Doe also allege they were patients of Atrius Health and have used the Website to find doctors and research locations for treatment. Ex. B ¶¶ 7-8, 11-12. On March 14, 2025, Plaintiffs filed their Second Amended Complaint against Atrius Health in the BLS, which Atrius Health removed to this Court on March 21, 2025, pursuant to federal question jurisdiction. *Doe*, Dkt 1. The *Doe* action is a putative class action alleging that Atrius Health installed third-party analytics software on its website and sent Plaintiffs' and class members' information to third parties without their consent. Ex. B ¶¶ 3–4.

The *Doe* plaintiffs bring claims against Atrius Health for violation of the ECPA, as well as claims for invasion of privacy, breach of fiduciary duty, breach of implied contract, and unjust enrichment. *Id*. ¶¶ 223–242. The *Doe* plaintiffs seek to bring these claims on behalf of two putative classes, which are defined as:

> **The Massachusetts Class:** During the fullest period allowed by law, all current Massachusetts citizens who are, or were, patients of Atrius Health, Inc. or any of its affiliates and who exchanged communications at Atrius Health, Inc.'s website(s) and patient portal(s), including www.atriushealth.org, and any other Atrius Health, Inc. affiliated website.
>
> **The Nationwide Class:** During the fullest period allowed by law, all current or former patients of Atrius Healthcare or any of its affiliates and who exchanged communications at Atrius Healthcare websites, including www.atriushealth.org, and any other Atrius Health, Inc. affiliated website.

*Id*. ¶ 210. Additionally, the *Doe* plaintiffs seek injunctive relief, restitution, statutory damages, compensatory damages, and punitive damages. *Id*. at Prayer for Relief.

### C. Plaintiffs Recognize the *Doe Actions* Should Be Consolidated

Plaintiffs in the *Doe Actions* agree that the actions should be consolidated. Defendant's deadline to respond to the complaint in each of the actions has been stayed pending consolidation. *See Related Action*, Dkt. 10, 15; *Doe*, Dkt. 10, 12.

### III.   STANDARD OF REVIEW

A court may consolidate cases that "involve a common question of law or fact." Fed. R. Civ. P. 42(a). The First Circuit applies a two-part framework for determining whether consolidation is appropriate. *Seguro de Servicio de Salud de Puerto Rico v. McAuto Sys. Grp., Inc.*, 878 F.2d 5, 8 (1st Cir. 1989). "The threshold issue is whether the two proceedings involve a common party and common issues of fact or law." *Id*. "A motion for consolidation will usually be granted unless the party opposing it can show 'demonstrable prejudice.'" *Id*. "Once this

determination is made, the trial court has broad discretion in weighing the costs and benefits of consolidation to decide whether that procedure is appropriate." *Id*.

IV.   **ARGUMENT**

    A.   **The Doe Actions Involve a Common Party and Common Issues of Law and Fact**

The critical threshold question is whether there is (1) a common party and (2) common issues of fact *or* law. *Seguro*, 878 F.2d at 8. In the *Doe Actions*, the common party is the same defendant, Atrius Health. Moreover, each of the *Doe Actions* involve putative classes containing virtually the same putative class members. The *Doe Actions* both concern common issues of fact regarding allegations that Atrius Health installed website analytics technologies on the Website that allegedly sent plaintiffs' and putative class members' information to third parties, such as Meta and Google, without their consent. The *Doe Actions* also concern common issues of law[2] because each case involves a claim under the ECPA and various invasion of privacy-related allegations or claims. Accordingly, the threshold issues of consolidation are satisfied.

        i.   **Common Party**

In each of the *Doe Actions*, Atrius Health is the sole defendant. Ex. A ¶ 14; Ex. B ¶ 6. Moreover, the *Doe Actions* are both putative class actions. The *Related Action* plaintiff's putative class and the *Doe* plaintiffs' "Massachusetts Class" are composed of substantially the same members who allegedly used the Website, with immaterial differences in how those putative classes are defined. *Compare* Ex. A ¶ 138 *with* Ex. B ¶ 210.

        ii.   **Common Issues**

            a.   **Common Issues of Fact**

---

[2] Consolidation requires a showing of *either* common issues of fact *or* common issues of law. *Seguro*, 878 F.2d at 8. Although both are present here, only one is required. *Id*.

As detailed above, the *Doe Actions* include virtually identical allegations: the plaintiffs in each case are alleged to be Atrius Health patients and claim that website analytics technologies allegedly used on the Website, collected their information and shared it with third parties without their consent. *Compare* Ex. A ¶¶ 11-12 *with* Ex. B ¶¶ 27, 45; *compare* Ex. A ¶ 1 *with* Ex. B ¶¶ 3–4.

### b.  Common Issues of Law

The *Doe Actions* also involve common issues of law. Indeed, each of the *Doe Actions* assert a claim under the ECPA as well as claims for invasion of privacy, breach of fiduciary duty, and unjust enrichment. *Compare* Ex. A ¶¶ 146-67, 213-21 *with* Ex. B ¶¶ 223-63, 306-13.

While the *Doe Actions* contain additional causes of action that are not common to both, they all stem from the same facts alleged in both *Doe Actions*. It is axiomatic that identical causes of action are not required for consolidation where, as here, the facts are virtually identical and the claims overlap. *See Cruickshank v. Clean Seas Co.*, 402 F. Supp. 2d 328, 341 (D. Mass. 2005) (consolidating cases where "the actions involve nearly identical facts" and "contain some overlapping legal claims" but not others). Atrius Health expects to assert similar defenses and grounds for opposition to claims in each of the *Doe Actions*.

### B.  The Costs and Benefits Weigh in Favor of Consolidation

Absent consolidation, there would inevitably be redundancies and inefficiencies because nearly identical issues of fact and law are present in the *Doe Actions*. Thus, consolidating the *Doe Actions* will preserve judicial resources, avoid potentially inconsistent rulings and duplication of labor, such as motion practice and discovery efforts, and promote a more efficient resolution of the parties' disputes. For example, absent consolidation, the Court would likely have to resolve substantially similar motions to dismiss, and if the cases were to proceed, class certification and

summary judgment motions. Therefore, consolidation is appropriate to conserve judicial resources. *See, e.g.*, *Cruickshank,* 402 F. Supp. 2d at 341 (finding that consolidating "will substantially reduce the judicial time and resources required to manage and try the two cases" through the court coordinating one pretrial schedule, addressing disputes in one hearing, holding one trial, and managing one discovery process).

### V. CONCLUSION

For the above reasons, the parties respectfully ask the Court to consolidate the *Doe Actions*, provide Plaintiffs 45 days to file a consolidated complaint, and Atrius Health 45 day to respond to that consolidated complaint.

Dated: June 6, 2025                                         Respectfully Submitted,

/s/ Jonathan T. Merrigan
J. Tucker Merrigan, BBO# 681627
Thomas T. Merrigan, BBO# 343480
Ryan Hawkins, BBO# 686289
Erin E. McHugh, BBO# 703701
**Sweeney Merrigan Law**
268 Summer St. LL
Boston, MA 02210
Tel: (617) 391-9001
Fax: (617) 357-9001
tucker@sweeneymerrigan.com
tom@sweeneymerrigan.com
rmh@sweeneymerrigan.com
emchugh@sweeneymerrigan.com

Foster C. Johnson (*pro hac vice forthcoming*)
David Warden (*pro hac vice forthcoming*)
Justin C. Kenney *(pro hac vice forthcoming)*
Nathan Campbell (*pro hac vice forthcoming*)
**Ahmad, Zavitsanos, & Mensing, PLLC**
1221 McKinney Street, Suite 2500
Houston, Texas 77010
(713) 655-1101
fjohnson@azalaw.com
dwarden@azalaw.com
jkenney@azalaw.com
ncampbell@azalaw.com

Warren Postman (*pro hac vice forthcoming*)
Alex Dravillas (*pro hac vice forthcoming*)
**Keller Postman LLC**
150 N. Riverside Plaza
Suite 4100
Chicago, Illinois 60606
(312) 741-5220
wpd@kellerpostman.com
adj@kellerpostman.com

*Attorneys for John Doe, Jane Doe, and the Putative Class*

>Edward F. Haber (BBO# 215620)
>Michelle H. Blauner (BBO# 549049)
>Patrick J. Vallely (BBO# 663866)
>**Shapiro Haber & Urmy LLP**
>One Boston Place, Suite 2600
>Boston, MA 02108
>Tel: (617) 439-3939
>ehaber@shulaw.com
>mblauner@shulaw.com
>pvallely@shulaw.com
>
>*Attorneys for Jane Doe and the Putative Class*
>
>
>Anthony E. Fuller (BBO # 663246)
>Kayla H. Ghantous (BBO # 709197)
>HOGAN LOVELLS US LLP
>125 High Street, Suite 2010
>Boston, MA 02110
>Telephone: (617) 371-1000
>Facsimile: (617) 371-1037
>anthony.fuller@hoganlovells.com
>kayla.ghantous@hoganlovells.com
>
>Allison Holt Ryan (*admitted pro hac vice*)
>Adam A. Cooke (BBO # 679637)
>Columbia Square
>555 Thirteenth Street, NW
>Washington, DC 20004
>Telephone: (202) 637-5600
>Facsimile: (202) 637-5910
>allison.holt-ryan@hoganlovells.com
>adam.a.cooke@hoganlovells.com
>
>*Attorneys for Atrius Health, Inc.*