**UNITED STATES DISTRICT COURT FOR**
**THE DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| JOHN DOE, JANE DOE #1, and JANE DOE #2, for themselves and the Proposed Class,<br><br>Plaintiffs,<br><br>v.<br><br>ATRIUS HEALTH, INC.,<br><br>Defendant. | Case No. 1:25-cv-10020-FDS |

**NOTICE OF SUPPLEMENTAL AUTHORITY**

Plaintiffs submit this notice to advise the Court of a recent decision from this District denying a hospital's motion to dismiss that bears on Atrius Health, Inc.'s ("Atrius") Motion to Dismiss Plaintiffs' Consolidated Amended Complaint. The decision (attached as Exhibit A) is *Doe v. The Children's Hospital Corporation*, Case No. 25-cv-10343 (Saris, J.). Like this case, *Children's Hospital* involved ECPA and common-law claims stemming from the secret use of tracking technologies to intercept communications on a healthcare website.

The Second Amended Complaint sustained by Judge Saris in *Children's Hospital* closely resembles the Consolidated Amended Complaint against Atrius with respect to the crime-tort exception under ECPA. Both include allegations:

- showing that the primary function and purpose of tracking technologies is to disclose private communications to third-party marketing companies to enable the hospitals' own targeted advertising to their patients on Google and Facebook's platforms based on the content of the intercepted communications (*Compare* ECF No. 24 ¶¶ 54-61 69-74, 165, 173-75, 179, 184-86, 189, 191, 193, 199, 203, 206-07, 209, *with Children's Hospital* ECF No. 59 ¶¶ 52-54, 62-63, 95-96, 101-02, 105, 108-10, 115-16, 119, 121, 125, 127);

- demonstrating that the hospitals knew how data containing health information may be disclosed or used, and tracking technology vendors notified the hospitals that the intercepted communications would be used to facilitate targeted advertising and

warned them not to use the technologies without consent or on health-related pages regardless of consent, directions the hospitals ignored (*Compare* ECF No. 24 ¶¶ 49-51, 54-55, 61, 68, 74, 171-92, *with Children's Hospital* ECF No. 59 ¶¶ 47-49, 52-54, 58, 64, 120-38);

- showing that the hospitals knew about the restrictions imposed by HIPAA and Massachusetts law, which ensure the privacy and security of an individual's health information, and promised patients they would adhere to those restrictions and would not disclose health information to third parties without patient authorization (*Compare* ECF No. 24 ¶ 295, *with Children's Hospital* ECF No. 59 ¶ 211);

- setting forth how the hospitals disregarded warnings and directions from Facebook and Google, and their own promises to patients, by deploying tracking technologies without consent and on healthcare pages regarding specific conditions and treatments, patients' doctors, appointment requests, and the patient portal login page (*Compare* ECF No. 24 ¶¶ 61, 74-75, *with Children's Hospital* ECF No. 59 ¶¶ 54, 64, 106-12, 117-28)[1]; and

- showing how disclosures and subsequent marketing use of the intercepted communications are both acts distinct from the interceptions (*Compare* ECF No. 24 ¶¶ 76, 165, 173-75, 179, 184-86, 189, 191, 193, 199, 203, 206-07, 209, *with Children's Hospital* ECF No. 59 ¶¶ 77, 108-10, 115-16, 119, 121, 125, 127, 160, 162-66).

In denying Boston Children's Hospital's motion to dismiss the ECPA claim, Judge Saris followed Judge Kobick's reasoning in *Doe v. Baystate Health Sys., Inc.*, 2026 U.S. Dist. LEXIS 57677 (D. Mass. Mar. 19, 2026) on the applicability of the crime-tort exception and held that the plaintiff "plausibly stated a claim that the hospital's interception and disclosure were independent actions taken with the purpose of committing a tortious act, i.e., a violation of Massachusetts' statutory right to privacy." Ex. A at 4-5. Among the allegations Judge Saris found significant were that Boston Children's Hospital intercepted communications and "disclosed these intercepted communications to Google and Facebook, all without the patients' knowledge or consent," "Google and Facebook warned that

[1] Although *Children's Hospital* involved allegations of interceptions in authenticated portions of a patient portal, Ex. A. at 2, those allegations were not determinative. As Judge Saris noted, the decision she relied on, *Doe v. Baystate Health Sys., Inc.*, involved only allegations of interception on public-facing webpages. Ex. A at 4 (noting that the plaintiff in *Baystate* alleged: "that a hospital, without patient knowledge or consent, disclosed to Meta and Google its patients' searches regarding medical conditions, physicians, requests to schedule appointments, and log-ins to the patient portal").

consent should be obtained, but none was," and "Boston Children's used the intercepted communications for commercial and marketing purposes, specifically to serve targeted advertisements." *Id.* at 2. Judge Saris further held that whether the hospital was motivated by a lawful purpose, unlawful purpose, or both "is a question of fact not fit for resolution at the pleading stage." *Id.* at 5.

On the common-law claims, Judge Saris followed her prior decision in *Doe v. Tenet Healthcare Corp.*, 731 F. Supp. 3d 142 (D. Mass. 2024), which Plaintiff here cites for the same propositions in its opposition to Atrius's motion to dismiss.

July 17, 2026

Respectfully submitted,

*/s/ Patrick J. Vallely*

Edward F. Haber (BBO# 215620)
Michelle H. Blauner (BBO# 549049)
Patrick J. Vallely (BBO# 663866)
**Shapiro Haber & Urmy LLP**
One Boston Place, Suite 2600
Boston, MA 02108
Tel: (617) 439-3939
ehaber@shulaw.com
mblauner@shulaw.com
pvallely@shulaw.com

***Attorneys for Jane Doe #1 and the Putative Class***

J. Tucker Merrigan, BBO# 681627
Thomas T. Merrigan, BBO# 343480
Ryan Hawkins, BBO# 686289
Erin E. McHugh, BBO# 703701
**Sweeney Merrigan Law** 268
Summer St. LL
Boston, MA 02210
Tel: (617) 391-9001
Fax: (617) 357-9001
tucker@sweeneymerrigan.com
tom@sweeneymerrigan.com
rmh@sweeneymerrigan.com
emchugh@sweeneymerrigan.com

Foster C. Johnson (*pro hac vice forthcoming*) David Warden (*pro hac vice forthcoming*) Justin C. Kenney (*pro hac vice forthcoming*) Nathan Campbell (*pro hac vice forthcoming*) **Ahmad, Zavitsanos & Mensing, PLLC**
1221 McKinney Street, Suite 2500
Houston, Texas 77010
(713) 655-1101
fjohnson@azalaw.com
dwarden@azalaw.com
jkenney@azalaw.com
ncampbell@azalaw.com

Warren Postman (*pro hac vice forthcoming*) Alex Dravillas (*pro hac vice forthcoming*) **Keller Postman LLC**
150 N. Riverside Plaza, Suite 4100
Chicago, Illinois 60606
(312) 741-5220
wpd@kellerpostman.com
adj@kellerpostman.com

***Attorneys for John Doe, Jane Doe #2, and the Putative Class***

**CERTIFICATE OF SERVICE**

I hereby certify that, on July 17, 2026, the foregoing document was filed using the Court's CM/ECF service, which will provide service copies to all counsel of record.

*/s/ Patrick J. Vallely*
Patrick J. Vallely